**Dean Justin McKEEVER, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 80–C–512.**

United States District Court, E.D. Wisconsin.

Oct. 23, 1984.

**1132**

Dean Justin McKeever, pro se.

Joseph P. Stadtmueller, U.S. Atty. by Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., and Donna Morros Weinstein, Dept. of Health and Human Services, Chicago, Ill., for defendant.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for review of a final decision of the Secretary of Health and Human Services ("the Secretary") pursuant to 42 U.S.C. § 405(g). The case was referred to a United States Magistrate for a recommendation on the parties cross-motions for summary judgment. When the Magistrate issued his recommendation, neither party objected, and pursuant to the recommendation the case was remanded to the Secretary for further proceedings.

Plaintiff subsequently filed a "Motion to Command Defendant to Comply With This Court's Order." In support of his motion, plaintiff states that despite the Court's explicit directive, an agent of the Secretary told plaintiff that he had previously been given three hearings, that his case was now officially closed and that it would not be reopened for any reason. After plaintiff telephoned the Court to inquire of the status of this motion, the Court asked the United States Attorney to respond to the motion. The United States Attorney has no objection to the Court's granting plaintiff's motion.

The Court's July 19, 1984 order explicitly remands the action to the Secretary for the purpose of taking additional evidence on the issue of plaintiff's earnings during the first quarter of 1973. This is not a mere suggestion that the Secretary so reconsider plaintiff's claim, it is an order of the Court. Failure to obey the Court's order subjects the recalcitrant party to the contempt powers. The Secretary will be ordered to schedule a hearing on plaintiff's claim. If the Secretary fails to do so, the Court will schedule a hearing to show cause why she should not be held in contempt.

THEREFORE, IT IS ORDERED that within ten days of this order, the Secretary shall establish a date certain for a hearing on plaintiff's claim for disability benefits, as delineated in the Court's order of July 19, 1984. The hearing shall be within sixty days of this order.

IT IS FURTHER ORDERED that after the ten day period has expired, but no later than twenty days after the date of this order, the plaintiff shall inform the Court whether a hearing has been scheduled.